IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ERBY, on behalf of himself and all others similarly situated,** | : : : | |
| **Plaintiff,** | : : | CIVIL ACTION |
| v. | : : | NO. 18-4944 |
| **ALLSTATE FIRE AND CASUALTY INSURANCE CO.,** | : : : : | |
| **Defendant.** | : | |

# ORDER

**AND NOW**, this __6th__ day of January, 2020, upon consideration of Defendant's Motion to Dismiss (ECF No. 14), Plaintiff's Response thereto (ECF No. 17), and Defendant's Reply (ECF No. 20), **IT IS HEREBY ORDERED AND DECREED**, that Defendant's Motion to Dismiss is **GRANTED IN PART**, and **DENIED IN PART**. **Count I** alleging a breach of contract and **Count IV** alleging a violation of the MVPDAA are **DISMISSED WITH PREJUDICE**. **Counts II** alleging unjust enrichment and **Count III** alleging a violation of the UTPCPL remain.[i]

BY THE COURT

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[i] Before the Court is Allstate's Motion to Dismiss. The Motion is granted with respect to Counts I and IV and denied with respect to Counts II and III. The Court's reasoning is explained below.

1

### I. Factual and Procedural Background

This case arises out of an automobile accident between Michael Erby ("Plaintiff") and a driver insured by Allstate ("Defendant") on August 25, 2016. Am. Compl. ¶ 5, ECF No. 7. Because of the accident, Defendant estimated that the cost of repairing Plaintiff's Honda Accord exceeded the cost to replace his car. Am. Compl. ¶ 7. Therefore, Defendant conducted a market valuation report for the vehicle, estimating it to be worth more than $18,000.00. Am. Compl. ¶ 8. In addition to the estimated value of the vehicle, Defendant offered Plaintiff a $900 adjustment to reflect a higher negotiated value of Plaintiff's vehicle and $60 for a Department of Motor Vehicle Administration fee. Am. Compl. ¶ 9, Ex. A. Plaintiff accepted Defendant's offer for $19,104.50 in exchange for the title to his vehicle in November 2016. Am. Compl. ¶ 8, Ex. A, Ex. B.

On October 12, 2018, Plaintiff filed suit in the Court of Common Pleas of Philadelphia County on behalf of himself and similarly situated people. *See* Notice of Removal, ECF No. 1. Defendant removed the case to the Eastern District of Pennsylvania on November 14, 2018 and moved to dismiss the Complaint on January 4, 2019. *See* Notice of Removal; Mot. Dismiss, ECF No. 5. Defendant removed the case because it met the requirements for federal jurisdiction established in the Class Action Fairness Act. 28 U.S.C. § 1332(d). Namely, the dispute appears to: (1) exceed 100 putative class members, (2) have minimal diversity — the Plaintiff is a resident of Pennsylvania, the Defendant is a Delaware corporation; and (3) exceed $5,000,000.00 as the amount in controversy. Notice of Removal 2–5. Although the Complaint does not specifically state the putative class size or the amount in controversy, based on Defendant's estimates the putative class exceeds 30,000 members and the amount in controversy exceeds $5,000,000.00 based on Plaintiff's state legal theories. Notice of Removal 2–5.

Plaintiff then filed an Amended Complaint on behalf of himself and others who are similarly situated on January 18, 2019.  *See* Am. Compl.  In that Complaint, which is the operative Complaint for the Court's analysis, the Plaintiff alleges that the Defendant (1) breached its contract with him, (2) was unjustly enriched, (3) violated Pennsylvania's Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"), and (4) violated Pennsylvania's Motor Vehicle Physical Damage Appraiser Act ("MVPDAA").  Am. Compl. ¶¶ 22–51.  Plaintiff's claims arise from Defendant not paying Plaintiff sales tax in addition to the assessed value of his totaled automobile in 2016.  *See* Am. Compl.  Plaintiff filed suit on behalf of himself, and similarly situated people who did not receive sales tax from the Defendant when being compensated for damaged vehicles.  *See* Am. Compl.

On February 1, 2019, Defendant moved to dismiss Plaintiff's Complaint.  *See* Motion to Dismiss, ECF No. 14.  Plaintiff filed a Response on March 1, 2019.  *See* Pl. Resp., ECF No. 17.  Defendant then filed a Reply in Support of its Motion to Dismiss on October 21, 2019.  ECF No. 21.

Upon consideration of the briefing supplied by the Parties, the Court **GRANTS** Defendant's Motion to Dismiss for **Counts I and IV**, Breach of Contract and Violation of the MVPDAA, respectively.  The Court **DENIES** Defendant's Motion to Dismiss for **Counts II,** Unjust Enrichment, and **Count III**, Violation of the UTPCPL.

## II.     Legal Standard

When evaluating a motion to dismiss the Court must accept a plaintiff's well-pleaded allegations as true and draw all reasonable inferences in plaintiff's favor.  *Mann v. Brenner*, 375 Fed. Appx. 232, 235 (3d Cir. 2010).  Under the Federal Rules of Civil Procedure, a plaintiff need only assert a short, plain statement of the claim showing that he is entitled to relief.  Fed. R. Civ.

3

P. 8(a)(2); *True Position, Inc. v. LM Ericsson Telephone Co.*, 899 F. Supp. 2d 356, 359 (E.D. Pa. 2012). To survive a motion to dismiss, a plaintiff must allege facts sufficient to make his asserted claims plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.   Analysis**

Based on the Parties' submissions to the Court, Defendant's Motion to Dismiss is granted in part and denied in part. Each claim is discussed in turn below.

   **A.   Count I: Breach of Contract**

The Court grants Defendant's Motion to Dismiss Count I of Plaintiff's Complaint because Pennsylvania law does not allow regulations to be incorporated into contracts.

Plaintiff alleges that Defendant breached the contract between the Parties by not including sales tax when paying Plaintiff the value of the totaled car. *See* Am. Compl. ¶¶ 22–31. Plaintiff contends that a contract was formed when the Parties signed the Release of Title, which exchanged Plaintiff's ownership of the Honda Accord automobile for a $19,104.50 payment from Defendant. Pl. Resp. at 8. Plaintiff also contends that 31 Pa. Code § 63.3(e)(4), which requires the reimbursement of sales tax for appraisals of physically damage vehicles, should be deemed incorporated into the contract. Pl. Resp. at 8–10.

Defendant, on the other hand, argues that there is no enforceable contract between the Parties because the Plaintiff was not insured by Defendant. Mot. Dismiss at 8. Further, Defendant contends that even if the Release of Title is deemed to be an enforceable contract, because the Plaintiff relies on a *regulation* instead of a *statute*, the provision requiring the payment of sales tax should not be deemed incorporated in the contract. Mot. Dismiss at 8.

Under Pennsylvania law, a plaintiff pursuing a breach of contract claim must establish (1) the existence of a contract, (2) defendant breached a duty imposed by the contract, and (3) resulting

damages. *McShea v. City of Phila.*, 995 A.d 334, 340 (Pa. 2010). Plaintiff's claim fails because he is unable to establish that Defendant breached a duty imposed by the contract.

Plaintiff argues that 31 Pa. Code § 62.3 should be incorporated into the Title Release contract and require Defendant to pay Plaintiff the sales tax on the assessed value of the totaled automobile. Pl. Resp. at 9. Plaintiff points to *Liss & Marion* to support his proposition that statutory enactments in existence at the time a contract is formed should be deemed incorporated into the contract, regardless of whether the provision is expressly referred to in the contract. 983 A.2d. 652 (Pa. 2009); Pl. Resp. at 9. However, in *Liss & Marion* (along with the other case law on which Plaintiff relies) the court discusses *statutes* passed by legislatures, not *regulations* implemented by administrative agencies. 31 Pa. Code § 62.3, which requires compensation for sales tax in addition to the assessed value of damaged automobiles is the latter — a state regulation promulgated by the Pennsylvania Insurance Department. Pennsylvania courts do not incorporate regulations into contracts. *See Santos v. Ins. Placement Facility of Pa.*, 626 A.2d 1177, 1179 (Pa. Super. Ct. 1993) ("we do not believe that regulations adopted pursuant to the UIPA may be the basis for a judicially created expansion of an insured's ability to abrogate portions of the policy"); *see also Greiner v. Erie Ins. Exch.*, 2000 WL 33711041, at *4 (Pa. Com. Pl. Nov. 13, 2000) ("While Pennsylvania's substantive laws are deemed incorporated into an insurance contract, the regulations issued pursuant to the UIPA are not."). Therefore, because the Court finds that 31 Pa. Code § 62.3 is not incorporated into the Title Release contract, Plaintiff cannot sustain a claim for a breach of contract. Defendant's Motion to Dismiss Count I is **GRANTED.**

### B. Count II: Unjust Enrichment

The Court finds that the Plaintiff has sufficiently pled Count II for unjust enrichment. Count II alleges that Defendant was unjustly enriched because Plaintiff gave the Defendant title to the Honda Accord in exchange for a payment that did not include the sales tax in addition to the value of the totaled vehicle. Am. Compl. ¶¶ 32–39.

To make out a claim for unjust enrichment, a plaintiff must prove that: (1) there was a benefit conferred on the defendant by the plaintiff; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under circumstances that would make it inequitable for the defendant to retain the benefit without payment to the plaintiff. *Allegheny Gen. Hosp. v. Philip Morris Inc.*, 228 F.3d 429, 447 (3d Cir. 2000).

Defendant argues that Plaintiff's claim should be dismissed because Plaintiff has not argued that there was a benefit conferred upon Defendant and there is no allegation that the Plaintiff was paid less than fair market value for the damaged vehicle. Mot. Dismiss at 11. Plaintiff, on the other hand, argues that Defendant was unjustly enriched when it retained the title of Plaintiff's Honda Accord without reimbursing the Plaintiff for the sales tax. Accepting all allegations in favor of Plaintiff, the Court finds that Plaintiff has sufficiently pled a case for unjust enrichment. Plaintiff claims to have provided a benefit to the Defendant which the Defendant appreciates — the title to the Honda Accord. Further, Plaintiff alleges that Defendant did not provide Plaintiff with an adequate payment as required by regulation, in exchange for the title of the car. This allegation, accepted as true, creates circumstances in which it would be inequitable for Defendant to retain the benefit without proper payment. Therefore, Defendant's Motion to Dismiss Count II for unjust enrichment is **DENIED**.

### C. Count III: Violation of the UTPCPL

In Count III, the Plaintiff alleges that Defendant violated the UTPCPL by reimbursing Plaintiff in an "unfair manner" and "deceptive[ly]" failing to pay sales tax on vehicles that were subject to total loss. Am. Compl. ¶¶ 40–45. The Court finds that Plaintiff has adequately pled that Defendant violated the UTPCPL.

Pennsylvania's UTPCPL is intended to protect consumers from unfair or deceptive practices or acts. *Balderson v. Medtronic Sofamor Danek, Inc.* 152 F. Supp. 2d. 772, 776 (E.D. Pa. 2001). The UTPCPL endows "any person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss of money or property . . . [to] bring a private action to recover actual damages." 73 P.S. § 9.2(a). Pennsylvania courts construe the UTPCPL liberally to achieve its goal of protecting the consumers of the Commonwealth against fraud and unfair or deceptive business practices. *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care, LLC,* 194 A.3d 1010, 1023 (Pa. 2018).

Defendant moves to dismiss Count III, arguing that Plaintiff was not the insured party and is therefore not a purchaser. As a result, Defendant argues that Plaintiff cannot sue under the UTPCPL. Mot. Dismiss at 12. In response, Plaintiff argues that the Defendant provided him a service — the appraisal of his car, thereby affording him protection under the UTPCPL. The Court agrees that Defendant provided Plaintiff a service for which he ultimately compensated and therefore, Plaintiff can adequately plead Defendant violated the UTPCPL. As a result, the Court finds that the Plaintiff can bring a claim under the UTPCPL. Defendant's Motion to Dismiss Count III is **DENIED**.

### D.  Count IV: Violation of the MVPDAA

The Court dismisses Count IV of Plaintiff's Complaint because the MVPDAA does not afford Plaintiff a private right of action.  In Count IV, Plaintiff alleges that the Defendant violated the MVPDAA by not including the sales tax when appraising Plaintiff's car.

The MVPDAA allows the Pennsylvania Insurance Commissioner to adopt regulations related to motor vehicle damage appraisals.  *See* 63 P.S. § 860.  Pursuant to that power, the Pennsylvania Insurance Department issued 31 Pa. Code § 62.3, which requires the reimbursement of sales tax for appraisals of physically damage vehicles.  Plaintiff therefore, contends that Defendant should be liable for not accounting for sales tax when reimbursing him for damage to his car.  Am. Compl. ¶ 47–51.

Defendant argues that Plaintiff's MVPDAA claim should be dismissed because the MVPDAA does not create a private right of action for consumers, including Plaintiff.  When considering whether a statute implies a private right of action, the Court analyzes: (1) whether a plaintiff is a member of a class that the statute was intended to protect, (2) whether there is an indication of legislative intent to create a private right of action, and (3) whether it is consistent with the underlying purpose of the legislative scheme to apply such a remedy to Plaintiff. *Schappell v. Geico*, 934 A.2d 1184, 1189 (Pa. 2007).  Although the Plaintiff seems to be a member of the class that the MVPDAA was designed to protect, the statute indicates that the Insurance Commissioner, not private individuals, were empowered to vindicate rights under this legislation.  63 P.S. § 860 ("The Insurance Commissioner is hereby charged with the . . . enforcement of this act.").  In addition, the statute criminally penalizes violations of the MVPDAA, which further indicates that the statute was designed to be enforced by the State, not

---

private individuals. 63 P.S. § 859 ("Any person who violates any of the provisions of this act is guilty of a misdemeanor.").

Because the legislative scheme indicates that individuals are not afforded a private right of action under the MVPDAA, Defendant's Motion to Dismiss Count IV is **GRANTED**.