UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ERBY,<br>on behalf of himself and all<br>others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>ALLSTATE FIRE & CASUALTY<br>INSURANCE COMPANY<br>                  Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   CASE NO. 2:18-cv-04944-PBT<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO DISMISS
PLAINTIFF'S UNFAIR TRADE PRACTICES
<u>CONSUMER PROTECTION LAW CLAIM</u>**

Defendant, Allstate Fire & Casualty Insurance Company ("Allstate" or "Defendant"), by its undersigned attorneys, Cozen O'Connor, respectfully requests that the Court reconsider its Order denying Allstate's Motion to Dismiss as it relates to Count III of Plaintiff's Amended Complaint for violation of the Unfair Trade Practices Consumer Protection Law 73 Pa. C.S.A. §§ 201-1 – 201 - 9.2 ("UTPCPL").

    **I.    <u>INTRODUCTION</u>**

On January 7, 2020, this Court entered a Memorandum Opinion and Order granting in part and denying in part Allstate's Motion to Dismiss Plaintiff's Amended Complaint.[1] The Court dismissed Counts I (Breach of Contract) and IV (MVPDAA) with prejudice, but denied the motion as to Counts II (Unjust Enrichment) and III (UTPCPL). 1/7/20 Memorandum Opinion and Order, ECF No. 21.

---

[1] Pursuant to Local Rule 7.1(g): Motions for reconsideration shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e).

In reaching its decision that Plaintiff adequately pleaded his UTPCPL claim, the Court found that Allstate provided a service to the Plaintiff by appraising his total loss vehicle. *Id.* at p. 7. The Court further determined that Plaintiff was a "purchaser" of such service because Allstate was ultimately compensated by Plaintiff for the appraisal. *Id.* The Order does not explicitly state how Plaintiff compensated Allstate for the appraisal, but the Court presumably concluded that Allstate was compensated for the appraisal when it took possession of Plaintiff's damaged vehicle and title. This holding overlooks the undisputed fact that Allstate insured the *other driver* involved in the accident, Joanna Dennstaedt, and that it was Ms. Dennstaedt, not Plaintiff, who purchased all services associated with the Allstate insurance policy, including the appraisal that was provided to Plaintiff as part of the policy's liability coverage. Because Plaintiff, a third party claimant, has not and cannot plead that he purchased the Allstate policy or the appraisal provided thereunder, the denial of Allstate's motion to dismiss does not comport with well-established Pennsylvania and Third Circuit precedent mandating dismissal under these circumstances. This includes precedent dismissing UTPCPL claims asserted by third party beneficiaries/claimants to insurance contracts.

## II.   ARGUMENT

### a.   Standard of Review

Federal Rule of Civil Procedure 54(b) provides that when an action presents more than one claim for relief, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to

any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Where final judgment has been entered, a party seeking reconsideration must establish one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). However where, as here, a motion for reconsideration does not relate to a final order or judgment, reconsideration "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the need to correct a clear error of law or fact or to prevent manifest injustice." *Qazizadeh v. Pinnacle Health System*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). The court may permit reconsideration whenever it is 'consonant with justice to do so.'" *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007). "[S]o long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). *See also Gochin v. Markowitz*, Civ. A. No., 18-CV-3348 2018 U.S. Dist. LEXIS 230291, at *1 n. 1 (E.D. Pa. Sept. 28, 2018).

      **b. <u>The Court should reconsider its Order on Plaintiff's UTPCPL claim because Plaintiff has not and cannot plead that he "purchased" the appraisal from Allstate</u>**

Pennsylvania's UTPCPL expressly limits private actions to "any person who purchases or leases goods or services for personal, family, or household purposes." § 201-9.2. The Third Circuit has stated that the UTPCPL "contemplates as a protected class only those who purchase

3

goods or services, not those who may receive a benefit from the purchase." *Gemini Physical Therapy & Rehab. Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1994) (citations omitted).

The UTPCPL does not define the term "purchase", but courts considering whether something is purchased under the UTPCPL have turned to Webster's Dictionary which defines purchase as to obtain in exchange for money or its equivalent: BUY [...]. *Gottlieb v. Tropicana Hotel & Casino*, 109 F. Supp.2d 324, 331-32 (E.D. Pa. 2000) (dismissing UTPCPL claim based upon a casino's failure to pay million dollar jackpot where plaintiff did not provide casino with any money in order to spin promotional wheel). *See also DeFazio v. Gregory*, 836 A.2d 935, 939 (Pa. Super. 2003) (construing "buyer" and "purchaser" under the UTPCPL by relying on ordinary definitions and dismissing plaintiff's claim because he was the seller not the buyer of the subject goods).

Pennsylvania courts routinely dismiss UTPCPL claims where Plaintiff cannot establish themselves as the purchaser of goods or services. *See e.g, Funston v. Clements*, No. 07-03416, 2008 Pa. Dist. & Cnty. Dec. LEXIS 295, at *13-14 (Pa. C.P. July 14, 2008) (finding that there is no relief under the UTPCPL where the plaintiffs could not qualify as a "purchaser" under even the most expansive definition of the word)*; Silverman v. Rutgers Cas. Ins. Co.*, No. 0363, 2005 Phila. Ct. Com. Pl. LEXIS 130, at *13 (Pa. C.P. Mar. 31, 2005) (because purported class members were not purchasers of insurance, they lacked standing under the UTPCPL); *Coronado Condo. Ass'n v. Iron Stone Coronado, L.P.*, No. 2691, 2005 Phila. Ct. Com. Pl. LEXIS 491, at *3 (Pa. C.P. Nov. 7, 2005) (because condominium association was not the purchaser of the product at issue, it was statutorily precluded from bringing a private cause of action under the UTPCPL); *Greencourt Condo. Ass'n v. Greencourt Partners, et. al.*, No. 04045, 2004 Phila. Ct. Com. Pl. LEXIS 58 (Pa.

C.P. April 30, 2004) (because condominium association was not the purchaser, it was statutorily precluded from bringing a private cause of action under the UTPCPL).

Even accepting all allegations in favor of the Plaintiff, the Amended Complaint is devoid of facts or allegations that would suggest he purchased, bought, or provided anything to Allstate *in exchange for the appraisal of his vehicle*. The relevant allegations are as follows:

> 5. Plaintiff was involved in an automobile accident on August 25, 2016.
>
> 6. Plaintiff was operating a Honda Accord when his vehicle was struck by a third party, Joanna Dennstaedt, *who was driving a Cadillac Escalade who was insured by Allstate* (emphasis added).
>
> 7. As a result of the accident, Plaintiff's vehicle was destroyed at a cost too high for repair.
>
> 8. In an attempt to reimburse Plaintiff for his loss, Defendant provided a Market Valuation Report where it found that the value for Plaintiff's vehicle was $18,195. The base value of the vehicle was $18,094. The CCC valuation average of statewide and base vehicle values was $18,144.50. In addition to the adjusted value of the vehicle, Defendant provided an adjustment to settle of $900 (reflecting a negotiated higher value of the vehicle) and a DMV fee of $60 totaling $19,104.50. *See* Exhibit "A" for Market Valuation Report provided by Defendant.
>
> 9. Plaintiff and Defendant reduced their agreement to writing, expressly stating that *Plaintiff authorized the release of his vehicle in exchange for a settlement check from Defendant. See* Exhibit "B" for Title Release Authorization (emphasis added).

Am. Comp. ¶¶ 5-9, ECF No. 7.

It is undisputed that Allstate insured Ms. Dennstaedt, not the Plaintiff, and was contractually obligated to provide the appraisal and negotiate Plaintiff's third party claim pursuant to its contract with its insured. This obligation existed regardless of whether the Plaintiff agreed to Allstate's valuation and tendered his vehicle and title. Plaintiff has not and cannot plead that he

purchased, bought, or provided anything to Allstate *in exchange for the appraisal of his vehicle* because the appraisal was a free service. Pennsylvania courts have refused to allow UTPCPL claims where the good or service at issue was free of charge. *See e.g.*, *Dobson v. Milton Hersey Sch.*, 356 F. Supp. 3d 428 (M.D. Pa. 2018). In *Dobson*, the court refused to allow a student to amend his complaint to include a UTPCL claim against his former school (which provided cost-free education) on this basis.

> Assuming *arguendo* that the benefits Dobson received from the School were "goods or services" within the meaning of the UTPCPL, Dobson did not purchase or lease those benefits—they were given to him free of charge. Accordingly, we will deny leave to amend to add a claim pursuant to the UTPCPL because, under the facts alleged, such amendment would be futile.

*Id.* at 435.  *See also 220 Rittenhouse Square Condo Ass'n v. Stolker*, No. 2254, 2012 Phila. Ct. Com. Pl. LEXIS 142 (Pa. C.P. May 16, 2012) (dismissing UTPCL counterclaim where defendant's condominium assessment was not a "purchase" of services because the plaintiff condominium's duties and services were statutorily mandated). "There can be no purchase of services when the unit owner is required by statute to pay for services regardless of whether those services are performed." *Id.* at *11.

Insofar as the Court determined that Plaintiff provided his vehicle and/or title in exchange for the appraisal, this is not alleged in the Complaint. In fact, the Complaint specifically alleges that Plaintiff provided the vehicle in exchange for the settlement check. Am. Comp. ¶ 9, ECF No. 7. Thus, Allstate essentially purchased the vehicle from the Plaintiff, making Plaintiff the seller in this scenario – not the purchaser. *DeFazio v. Gregory*, 836 A.2d 935, 939 (Pa. Super. 2003) (dismissing plaintiff's UTPCPL claim because he was the seller not the buyer of the subject goods).

Finally, the Third Circuit has found that the UTPCPL only covers those individuals involved in the actual purchase of an insurance policy, not all intended beneficiaries of the policy

such as third party claimants like the Plaintiff. *Katz v. Aetna Casualty & Surety Co.,* 972 F.2d 53 (3d Cir. 1992) (finding that accident victim who presented third party claim under auto liability policy had no standing under UTPCPL because he did not purchase policy). *See also Detweiler v. Nationwide Ins. Co.,* Civ. A. No. 00-1776, 2000 U.S. Dist. LEXIS 15684, at *7-8 (E.D. Pa. Oct. 27, 2000) (dismissing UTPCPL claim brought against insurer by third party claimant involved in automobile accident with insured because he did not purchase the subject policy).

Because it is undisputed that the Plaintiff did not purchase the appraisal or any other services from Allstate, he has no claim under the UTPCPL as a matter of law. Allstate respectfully requests that the Court reconsider its January 7, 2020 Order and dismiss Count III of Plaintiff's Amended Complaint with prejudice.

Dated: January 21, 2020   COZEN O'CONNOR

By: /s/ Katharine Mooney
KATHARINE MOONEY
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2016
kmooney@cozen.com

Peter J. Valeta (*pro hac vice*)
Wendy N. Enerson (*pro hac vice*)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7895 (PJV)
(312) 382-3162 (WNE)
pvaleta@cozen.com
wenerson@cozen.com

Attorneys for Defendant,
Allstate Fire & Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the within and foregoing *Defendant's Motion for Reconsideration* to be served upon all counsel of record via the Clerk of Court by using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record for the parties:

Dated: January 21, 2020                COZEN O'CONNOR

By:    /s/ Katharine Mooney
       KATHARINE MOONEY
       One Liberty Place
       1650 Market Street, Suite 2800
       Philadelphia, PA  19103
       (215) 665-2016
       kmooney@cozen.com

       Attorney for Defendant,
       Allstate Fire & Casualty Insurance Company

8

LEGAL\44456385\1