UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ERBY, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO. 2:18-cv-04944-PBT |
| ALLSTATE FIRE AND CASUALTY INS. CO., | : : : | |
| Defendant. | : : : | |

**PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, Michael Erby ("Plaintiff") hereby responds to Defendant, Allstate Fire and Casualty Ins. Co.'s ("Defendant") Notice of Supplemental Authority in support of its January 29, 2020 Motion for Reconsideration of this Court's Order denying Defendant's Motion to Dismiss Plaintiff's Unfair Trade Practices Consumer Protection Law Claim ("UTPCPL") as follows:

1. Denied as stated. Defendant offers to attach the *Wenk v. State Farm Fire & Casualty Co.'s*, ___A.3d ____ 2020 WL 597224 (Pa. Super 2000), as Supplemental Authority in support of its Motion for Reconsideration. *Wenk* does not in any way alter the reasoning by this Court that Plaintiff may pursue a UTPCPL claim against Defendant. In *Wenk*, the Pennsylvania Superior Court found that a plaintiff may not pursue a UTPCPL claim solely based on institutional bad faith of handling an insurance claim. *Id.* In this case, Plaintiff is not asserting a claim solely based on institutional bad faith. Plaintiff is asserting a claim based on how Defendant violated Pennsylvania law in not compensating Plaintiff and members of the class for sales tax as mandated under Motor Vehicle Physical Damage Appraisal Act, ("MVPDAA") 63 Pa. C.S.A. § 851 *et seq*. See 31 Pa. Code 62.3(e)(4). The MVPDAA mandates sales tax

inclusion in an appraisal report.  *Id.*  The Pennsylvania Superior Court in *Berg v. Nationwide Mutual Ins. Co., Inc.*, 44 A.3d 1164, 1175 (Pa. Super. 2012)  has already found when an insurance company violates the MVPDAA, this in and of itself constitutes the violation of the UTPCPL.  *Id.*  Plaintiff's claim is not for failure to properly handle an insurance claim but rather failure to properly provide an appraisal report in conformance with Pennsylvania law.  Pursuant to *Berg*, this claim is actionable under the UTPCPL.

2. Denied.  In *Wenk*, the plaintiffs were arguing that State Farm acted institutionally in bad faith and, thus, violated the UTPCPL.  The Superior Court rejected that a claim based solely on institutional bad faith claim can constitute a claim under the UTPCPL.  *Wenk*, 2020 Pa. Super. LEXIS 6.  In contrast in this case, consistent with *Berg*, Plaintiff is arguing Defendant violated the MVPDAA in processing their appraisal report which *Berg* found constituted a claim under the UTPCPL.  *Berg*, 44 A.3d at 175.  Thus, Defendant's argument should be rejected.

3. Admitted.

4. Denied.  See answer to No. 2.

5. Denied.  See answer to Nos. 1 and 2.

6. Denied.  See answer to No. 2.

7. Denied.  See answer to No. 2.

8. Denied.  See answer to No. 2.

9. Denied.  The *Wenk* court found that institutional bad faith by defendant cannot form the basis of a UTPCPL claim when no statutory violation is found.  However, in this case, a statutory violation was found when Defendant violated the MVPDAA and failed to provide an appraisal report to Plaintiff and members of the class in conformance with Pennsylvania law.

*Berg*, 44 A.3d at 1175.  When Defendant did so, Defendant acted deceptively and in bad faith under the UTPCPL pursuant to *Berg*.  *Id.*  Thus, Defendant's argument should be rejected.

Respectfully submitted,

Date:    February 18, 2020

BY:   /s/ Daniel C. Levin
DANIEL C. LEVIN, ESQUIRE
CHARLES E. SCHAFFER, ESQUIRE
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19102
(215) 592-1500

Aaron Rihn, Esquire
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower
707 Grant Street
PittsBergh, PA 15219-1918
412-281-7229

Jason Medure, Esquire
MEDURE  BONNER  BELLISSIMO, LLC
713 Wilmington Avenue
New Castle, PA 16101
724-653-7855

Larry WeisBerg, Esquire
Derrek W. Cummings, Esquire, CPA
Steve T. Mahan, Esquire
Stephen P. Gunther, Esquire
MCCARTHY WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
HarrisBerg, PA 17110-9380
717-238-5707

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2020, a true and correct copy of the foregoing Response to Defendant's Notice of Supplemental Authority was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system which will send a Notice of Electronic filing to all parties of record.

BY:  /s/ Daniel C. Levin
     DANIEL C. LEVIN, ESQUIRE