IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ERBY, on behalf of himself and** | : | |
| **all others similarly situated,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-4944 |
| | : | |
| **ALLSTATE FIRE AND CASUALTY** | : | |
| **INSURANCE CO.,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _27th_ day of April, 2020, upon consideration of Defendant Allstate's Motion for Reconsideration (ECF No. 23), Plaintiff's Response in Opposition (ECF No. 24), Plaintiff's Submission of Supplemental Authority (ECF No. 25), and Plaintiff's Reply thereto (ECF No. 26), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **DENIED**.[i]

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

i    In its motion for reconsideration, Defendant argues that Plaintiff cannot sustain a claim under the UTPCPL because he was not the purchaser of the appraisal. Mem. Supp. Mot. Reconsideration 2, ECF No. 23-1. Defendant also submits *Wenk v. State Farm Fire & Cas. Co.* in support of its contention that Plaintiff's UTPCPL claim fails because the law does not apply to the handling of insurance claims, only to pre-contract formation conduct. No. 1284, 2020 WL 597224 (Pa. Super. Ct., Feb. 7, 2020); Notice Suppl. Authority ¶ 8, ECF No. 25.
    The Court denies the Motion. Defendant entered into an agreement with Plaintiff—agreeing to exchange the title to his car for the appraisal and settlement check from Allstate. By accepting and relying on the appraisal price as the basis of the settlement, the plaintiff became

the "purchaser" of that service. The appraisal of the car was a necessary part of the exchange and Pennsylvania courts construe the UTPCPL liberally to protect consumers from deceptive practices. *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care, LLC,* 194 A.3d 1010, 1023 (Pa. 2018). Plaintiff claims the appraisal was not done in accordance with Pennsylvania state law because sales tax was not included in the appraisal. Therefore, this alleged misfeasance may have induced Plaintiff into the agreement. Accordingly, Plaintiff's claims for unjust enrichment and violation of the UTPCPL survive Defendant's Motion to Dismiss.