IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ERBY, on behalf of himself and all other similar situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INS. CO., et al.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:18-cv-04944-KSM |

**[PROPOSED] FINAL ORDER AND JUDGMENT
GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

**AND NOW**, this ____ day of _____ 2022, upon consideration of the Parties' Joint Motion for Final Approval of Class Action Settlement Agreement. **IT IS HEREBY ORDERED AND DECREED** that the Joint Motion is **GRANTED**.

WHEREAS, the Plaintiff Michael Erby ("Plaintiff") and Defendants Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate" or "Defendants") have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of these actions against the Defendants; and

WHEREAS, the Court has before it the Parties' Motion for Preliminary Approval of Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials; and

1

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendants.

WHEREAS, the Court having conducted a Final Approval Hearing on _____ and having fully considered the records of these proceedings; the representations, arguments, and recommendations of counsel; and the requirements of the governing law; and for good cause shown;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. For purposes of this Order, the Court hereby adopts all defined terms as set forth in the Settlement Agreement.

2. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court certifies the following Settlement Class:

> All persons who submitted a private-passenger auto physical damage claim for a leased vehicle under an Allstate Pennsylvania policy during the Class Period whose claim was adjusted by Allstate as a total-loss claim, and whose claim resulted in a Total Loss Claim Payment by Allstate, and who were not paid Full Sales Tax.

3. Excluded from the Settlement Class are:

    a. Allstate, all present or former officers and/or directors of Allstate, the Settlement Administrator, the Mediator, the Neutral Evaluator, Class Counsel, and a Judge of these Courts;

    b. Individuals with claims for which Allstate received a valid and executed release;

    c. Individuals who are not on the Notice List and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement;

    d. Individuals who requested exclusion from the Class;

    e. Individuals who received Full Sales Tax on their claims; and,

      f.      Individuals whose claims for property damage for which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Settlement Agreement is filed.

4.      The record shows that notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court hereby finds that such notice constituted the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and all matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice; and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law.

5.      The record shows that four (4) requests for exclusion from the Settlement Class have been received, which are approved, and no objections to the Settlement Agreement have been received.

6.      The record shows that notice has been given by Defendant to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715, and said notice fully satisfied the requirements of that statute.

7.      The Court finds, for settlement purposes only, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23, affirms certification of the Settlement Class, and approves the Settlement as set forth in the Settlement Agreement as being fair, just, reasonable, and adequate.

8.      The Court finds, based upon the Court's familiarity with the claims and the Parties, that Plaintiff adequately represents the interests of the Settlement Class, and hereby appoints them as Class Representative for the Settlement Class.

9.      The Court finds that class counsel fairly and adequately represent the interests of the Settlement Class, and hereby appoints the following as Settlement Class Counsel, pursuant to Fed. R. Civ. P. 23:

Daniel C. Levin, Esquire
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
(215) 592-1500

D. Aaron Rihn, Esquire
**ROBERT PEIRCE & ASSOCIATES, P.C.**
707 Grant Street, Suite 125
Pittsburgh, PA 15219-1918
412-281-7229

Derrek W. Cummings, Esquire, CPA
**WEISBERG CUMMINGS, P.C.**
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
717-238-5707

10. The Court appoints Epiq as third-party Claims Administrator, to administer the Claims Protocol agreed upon by the Parties.

11. The Court finds, in its sound discretion upon review of the Settlement and consideration of the *Girsh* factors, that the Settlement is fair, reasonable, and adequate. Accordingly, the Settlement is approved by the Court.

12. "Released Claims" means and includes any and all known and unknown claims, rights, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto,* statutory, common law or equitable, including but not limited to breach of contract, bad faith or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or post-judgment interest, arising from or relating in any way to Allstate's failure to pay sufficient sales tax to Plaintiff and all Settlement Class Members with respect to any Covered Total Loss Claim during the Class Period under an Automobile Insurance Policy. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims do not include any claims, actions, or causes of action alleging

4

that Allstate failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay sufficient sales tax.

13. "Releasing Persons" means: (a) Plaintiff; (b) Settlement Class Members listed in the Claims and Policy Data who do not otherwise timely opt-out of the Settlement Class (whether or not such members submit claims); and (c) Settlement Class Members not listed in the Claims and Policy Data who submit a Claim Form or an Electronic Claim Form, and their respective present, former or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, employees and anyone working on their behalf.

14. "Released Persons" means (a) Allstate; (b) all divisions, parent entities, affiliates, and subsidiaries of Allstate; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, insurers and reinsurers; and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

15. This Final Order and Judgment as provided under the Settlement shall be entered. Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall have *res judicata*, collateral estoppel, and all other preclusive effect for all of the Released Claims.

16. Plaintiff's operative complaint in this Action and any and all related actions or lawsuits pending in this Court are hereby dismissed with prejudice, and the Released Claims are hereby released by the Releasing Parties as against the Released Parties.

17. Neither the Releases set forth in the Settlement Agreement nor this Final Order and Judgment release (i) claims against persons or entities other than the Released Parties; or (ii) claims for breach of the Settlement Agreement or violation of this Final Order and Judgment.

18. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released, acquitted, and discharged the Released Parties from any and all Released Claims.

19. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have agreed not to, directly or indirectly, sue the Released Parties with respect to the Released Claims. The Releasing Parties have agreed that breach of this provision would result in irreparable injury to the Released Parties and, in the event of a breach of this provision, the Released Parties shall, without any requirement of a bond, be entitled to injunctive relief enjoining the assertion of the Released Claims. The Releasing Parties have agreed that the Released Parties shall be entitled to recover attorneys' fees and any other cost of defense incurred as a result of a violation of this covenant by a Releasing Party. For avoidance of doubt, if Defendant is joined as a party or otherwise faces potential liability in connection with an action brought by a Releasing Party against a third party with respect to the Released Claims, Defendant shall be entitled to recover attorneys' fees and other defense costs from the Releasing Party bringing the action.

20. Irrespective of whether a Settlement Class Member submits a claim for a settlement remedy within the applicable claims period, all Settlement Class Members shall be subject to and bound by the Settlement and this Final Order and Judgment, including all Releases set forth therein.

21. Upon the Court's entry of this Final Order and Judgment, the Parties are ordered to implement the obligations set forth in the Settlement Agreement.

22. Except as ordered by the Court, the Parties shall bear their own costs and attorneys' fees. None of the Parties shall be considered a "prevailing party," and the Released Parties are not liable for any fees, costs, or expenses payable to a "prevailing party" under statute or other legal authority.

23. Each and every term and provision of the Settlement Agreement shall be deemed incorporated into this Final Order and Judgment as if expressly set forth herein and shall have the full force and effect of an Order of the Court.

24. No Releasing Party shall, either directly or indirectly, commence, continue, or prosecute any action or proceeding against any of the Released Parties with respect to the Released Claims, and are hereby permanently enjoined from doing so.

25. Without affecting the finality of this Final Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over this Action, the Parties and the Settlement Class, and the administration, interpretation, and enforcement of the terms, conditions, and obligations of the Settlement Agreement and this Final Order and Judgment. The Court may exercise all equitable powers over the Parties and the Settlement Class to enforce the Settlement Agreement and this Final Order and Judgment.

26. For the foregoing reasons, the Final Approval Motion is hereby GRANTED. There being no just reason to delay, the Clerk is directed to enter this Final Order and Judgment forthwith and designate this case as closed. The operative complaint in this action and any and all related lawsuits pending in this Court are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                                             _____
HON. KAREN S. MARSTON
UNITED STATES DISTRICT JUDGE