IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ERBY**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, et al.**<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 18-4944-KSM** |

## ORDER

**AND NOW**, this 24th day of October, 2022, upon consideration of the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. No. 56), Plaintiff's Motion for Award of Attorneys' Fees (Doc. No. 57), and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that the Motions (Docs. No. 56 & 57) are **GRANTED** as follows:

1. The Court certifies the following settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All persons who submitted a private-passenger auto physical damage claim for a leased vehicle under an Allstate Pennsylvania policy during the Class Period[1] whose claim was adjusted by Allstate as a total-loss claim, and whose claim resulted in a Total Loss Claim Payment by Allstate, and who were not paid Full Sales Tax. Excluded from the Class are: (a) Allstate, its present or former officers and/or directors, the Settlement Administrator, the Mediator, the Neutral Evaluator, Class Counsel, and the court; (b) "individuals with claims for which Allstate received a valid and executed release"; (c) "individuals who are not on the Notice List and who did not submit a valid Claim Form or Electronic Claim

---

[1] Capitalized terms not defined herein are given the meaning ascribed in the Settlement Agreement.

Form for payment under this Settlement"; (d) individuals who opted out from the class; (e) individuals who received Full Sales Tax on their claims; and (f) "individuals whose claims for property damage for which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated.

2. The Court finds that the Notice Plan and the Notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to members of the Settlement Class.

3. Pursuant to Federal Rule of Civil Procedure 23(e) and the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds the Settlement is fair, reasonable, and adequate and **APPROVES** the Settlement.

4. The four valid exclusion requests **SHALL NOT** be considered members of the Settlement Class or bound by the Release in the Settlement Agreement and may not receive any benefits of the Settlement. All remaining Class Members **SHALL** be bound by this Final Approval Order and Judgment and by the Agreement and the Settlement embodies therein.

5. As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

6. The Court **AWARDS** Class Counsel **$715,000** in attorneys' fees, which the Court finds are fair and reasonable based on the Court's independent analysis and consideration of the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 338 (3d Cir. 1998).

7. The Court **AWARDS** Class Counsel **$23,083.89** in out-of-pocket expenses incurred in the prosecution of this action, which the Court finds are fair and reasonable.

8. The Court **AWARDS** Michael Erby **$4,500** as a Class Representative service award.

9. This matter is **DISMISSED WITH PREJUDICE**. The Court maintains jurisdiction over the enforcement of the Settlement.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.